*618 MEMORANDUM **
Abacuc Guevara appeals the district court’s denial of his petition for a writ of habeas corpus. The California Court of Appeal upheld his convictions for murder and being a felon in possession of a gun after ruling that the erroneous admission of preliminary hearing testimony was harmless.
In determining whether the state court’s error was harmless on collateral review, we examine “the record as a whole” and ask whether the violation had a “substantial and injurious effect or influence in determining the jury’s verdict.” Brecht v. Abrahamson, 507 U.S. 619, 688, 118 S.Ct. 1710, 123 L.Ed.2d 353 (1993); accord Merolillo v. Yates, 663 F.3d 444, 455 (9th Cir.2011). Relevant considerations include “the importance of the testimony, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony, the extent of cross-examination permitted, and the overall strength of the prosecution’s case.” Ocampo v. Vail, 649 F.3d 1098, 1114 (9th Cir.2011) (quoting Whelchel v. Washington, 232 F.3d 1197, 1206 (9th Cir.2000)). We have ruled that the erroneous admission of testimony is not rendered harmless by corroborative evidence if “(1) there was a reason for the jury to doubt the only eyewitness testimony; (2) the third party testimony was not exceptionally strong; and (3) the physical evidence connecting the accused to the crime was limited and explained by [the defendant’s theory of the case].” Id. (alteration in original) (quoting Whelchel, 232 F.3d at 1208).
Aside from the preliminary hearing testimony, the jury heard of three eyewitness identifications of Guevara and his motive to commit the crimes. The jury had reason to doubt each piece of evidence presented, including the preliminary hearing testimony, but the cumulative effect of multiple identifications distinguishes this case from Ocampo. In light of the testimony from other witnesses and Guevara’s opportunity for cross-examination at the preliminary hearing, we conclude, consistent with Brecht, that the erroneous admission of the preliminary hearing testimony did not have a substantial and injurious effect on the jury’s verdict.
AFFIRMED

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.